## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | |
|---|---|
| MARVIA S. ADAMS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:20-cv-00910 |
| MSCB, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes MARVIA S. ADAMS ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of MSCB, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.     Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act ("WCA") under Wis. Stat. § 427 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.     This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Western District of Wisconsin and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Western District of Wisconsin. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

**PARTIES**

4.      Plaintiff is a consumer over 18-years-of-age residing in Columbia County, Wisconsin, which is located within the Western District of Wisconsin.

5.      Defendant is a third party debt collection agency organized under the laws of the state of Tennessee, with its principal place of business located at 1410 Industrial Park Road, Paris, Tennessee 38242. Defendant's principal place of business is located at 8902 Otis Avenue, Indianapolis, Indiana 46216. Defendant regularly collects upon consumers located within the State of Wisconsin.

6.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.      Plaintiff recently reviewed her Experian credit report and discovered an entry bearing Defendant's name, which was reporting in an active collection status a delinquent consumer debt originally incurred to *South Sunflower County Hospital* ("subject debt"), as seen below:

| Account name MSCB INCORPORATED | Account number | Recent balance $492 as of 09/07/2020 | Date opened 03/2015 | Status **Collection account. $492 past due as of Sep 2020.** |
|---|---|---|---|---|
| 1410 INDUSTRIAL PARK RD PARIS, TN 38242 800 748 3074 **Address identification number** 0255633057 **Original creditor** SOUTH SUNFLOWER CO HOSP RG | **Type** Collection **Terms** 1 Months **On record until** Jan 2021 | **Credit limit or original amount** $492 **High balance** $0 **Monthly payment** $0 **Recent payment amount** $0 | **Date of status** 03/2015 **First reported** 09/2015 **Responsibility** Individual | |

2

8.     Plaintiff was unable to recognize the subject debt, so in September 2020, Plaintiff contacted Defendant via telephone to ascertain additional information concerning the subject debt.

9.     Upon answering Plaintiff's phone call, Defendant identified itself as "Business Office."

10.     Plaintiff was confused by this greeting, as she called the phone number Defendant provided on her credit report.

11.     During that conversation, Plaintiff was informed that Defendant was attempting to collect upon the subject debt in the amount of $492.75.

12.     Defendant also mentioned that the date of service giving rise to the subject debt occurred on April 29, 2014.

13.     Moreover, Defendant's representative pressured Plaintiff into making payment, despite Plaintiff informing Defendant of her inability to do so.

14.     During this call, Defendant failed to identify itself as a debt collector, as required by 15 U.S.C. § 1692e(11).

15.     Plaintiff's Experian credit report reflected that the subject debt would remain on Plaintiff's credit record through January 2021.  Upon information and belief, as a collection account remains on a consumer report for seven (7) years beginning from the date of first delinquency, the subject debt fell into delinquency beginning in or around early 2014.  *See* 15 U.S.C. § 1681c.

16.     In addition, given that the date of service giving rise to the subject debt occurred in April 2014, as well as the fact that Plaintiff never made a payment toward the subject debt, the subject debt fell into delinquency in or around the spring of 2014.

17.     The applicable statute of limitations for the subject debt states, in relevant part:

"Unless governed by other law regarding claims for indemnity or contribution, an action (i) for conversion of an instrument, for money had and received, or like action based on conversion, (ii) for breach of warranty, or (iii) to enforce an obligation, duty, or right arising under this chapter and not governed by this section must be commenced within three (3) years after the cause of action accrues."  *See* MS Code § 75-3-118(g).

18.     Accordingly, given the applicable three (3) year Mississippi statute of limitations and the fact that the subject debt fell into delinquency beginning in or around the spring of 2014, as of September 2020, the date which Plaintiff accessed her credit report and spoke with Defendant, the subject debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

19.     Despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that the subject debt was time-barred and/or that Defendant could not sue her to collect it.

20.     In addition, despite the time-barred status of the subject debt, at no point during Plaintiff's conversation with Defendant did Defendant's representative disclose or explain to Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Instead, Defendant's representative attempted to pressure Plaintiff into paying the time-barred debt.

21.     After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

22.     Plaintiff was misled by Defendant's statements, representations and/or omissions directed to her during her conversation with one of its representatives.

23.     Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

24.     Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

25.     Due to Defendant's conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26.     Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27.     Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28.     Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29.     Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30.     Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. On its website and within its communications to consumers, Defendant identifies itself as a "debt collector"

attempting to collect a "debt."  Defendant has also been a member of the Association of Credit and

Collection Professionals ("ACA") since 1993.[1]

31.     The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a

transaction due or asserted to be owed or due to another for personal, family, or household

purposes.

### a.     Violations of the FDCPA § 1692e

32.     The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using

"any false, deceptive, or misleading representation or means in connection with the collection of

any debt."

33.     In addition, this section enumerates specific violations, such as:

> (2) The false representation of -- (A) the character, amount, or legal
> status of any debt;

> (10) The use of any false representation or deceptive means to collect
> or attempt to collect any debt or to obtain information concerning a
> consumer.  15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> (11) "The failure to disclose in the initial written communication with
> the consumer and, in addition, if the initial communication with the
> consumer is oral, in that initial oral communication, that the debt
> collector is attempting to collect a debt and that any information
> obtained will be used for that purpose, and the failure to disclose in
> subsequent communications that the communication is from a debt
> collector…" 15 U.S.C. §1692e(11).

> (14) "The use of any business, company, or organization name other
> than the true name of the debt collector's business, company, or
> organization." 15 U.S.C. § 1692e(14).

34.     Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its

representations and statements directed to Plaintiff during its conversation with her by attempting

---

[1] http://www.acainternational.org/search#memberdirectory

to collect the subject debt, despite omitting the disclosure of material information to Plaintiff regarding the subject debt's time-barred status and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

35.     Defendant knew, or should have known, that the subject debt was time-barred, but yet, Defendant failed to provide any disclosure of the same – and/or the legal implications of the same – to Plaintiff.

36.     Such representations and/or omissions served only to confuse and intimidate Plaintiff in the hopes that she would waive her rights and affirmative defenses under the law by making a payment and/or promising to make a payment.

37.     Plaintiff was unable to adequately determine the character and legal status of the subject debt based upon Defendant's representations and/or omissions directed to her during her conversation with its representative, and was likewise unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the subject debt.

38.     As an experienced debt collector, Defendant knows that its representation to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be true, complete and accurate, especially when Defendant is attempting to collect upon a time-barred debt.

39.     Defendant had an obligation to accurately alert Plaintiff as to her rights with respect to the subject time-barred debt, however, Defendant skirted this obligation with deceptive and misleading representations and/or omissions.

40.     Defendant further violated 15 U.S.C. §§ 1692e, e(10), e(11) and e(14) through its failure to disclose itself as a debt collector and through its use of the name "Business Office." By failing to disclose itself as a debt collector and identify itself by its true name, Defendant

deceptively and misleadingly attempted to confuse Plaintiff as to her rights under the FDCPA. Consequently, Defendant's objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights under the FDCPA. Given that Business Office is not a registered trade name of Defendant in Wisconsin, Defendant used a name, other than its "true" name, in violation of the FDCPA.

### b.    Violations of FDCPA § 1692f

41.    The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42.    Defendant violated § 1692f through its unfair efforts to collect upon the subject debt.  Despite the time-barred status of the subject debt, Defendant unconscionably failed to apprise Plaintiff of this federally-mandated disclosure, as well as of the fact that it could not sue her to collect.  Defendant also failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.  Instead, Defendant coerced Plaintiff into making a payment toward the time-barred subject debt.  Defendant engaged in this conduct in an effort to mislead Plaintiff into making a payment and to ultimately cause her unwarranted financial harm by restarting the applicable statute of limitations.

43.    Defendant further violated § 1692f by masking its identity and failing to disclose that it is a debt collector, in an effort to trick Plaintiff even further in order to ultimately extract payment from her.

44.    As set forth in paragraphs 22 through 26, *supra,* Plaintiff has been harmed as a result of Defendant's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, MARVIA S. ADAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT II – VIOLATIONS OF THE WISCONSIN CONSUMER ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Defendant is a "debt collector" as defined by Wis. Stat. § 427.103(3) of the WCA.

47. The subject debt is a "claim" as defined by Wis. Stat. § 427.103(1) of the WCA.

48. The WCA further states that "in attempting to collect an alleged debt arising from a consumer credit transaction…a debt collector may not:"

> "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."  Wis. Stat. § 427.104(1)(j)

49. Defendant violated § 427.104(1)(j) through its implicit assertion that it had the ability to sue Plaintiff to collect upon a time-barred debt, even though such right no longer existed. Defendant failed to notify Plaintiff that by paying, or even just agreeing to pay, any portion of the subject debt, or merely acknowledging the subject debt as valid, it could have the effect of resetting the applicable statute of limitations as to the entire balance of the subject debt, potentially subjecting Plaintiff to further legal liability.

50. As pled in paragraphs 22 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.  As such, Plaintiff is entitled to relief pursuant to §427.105.

51. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, MARVIA ADAMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to § 425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 30th day of September, 2020.           Respectfully Submitted,

_/s/ Taxiarchis Hatzidimitriadis_
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

_Counsel for Plaintiff, Marvia Adams_